

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

G

Honorable Thos. R. Chandler
County Attorney
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-2361
Re: Vacancy in office of Justice
of the Peace.

This will acknowledge receipt of your letter of
May 14, 1940, in which you ask whether or not, under the
given circumstances, the office of Justice of the Peace,
Precinct No. I, Robertson County, Texas, is vacant. The
facts presented are:

"One E. H. Peters, Justice of Peace, Precinct
No. 1, Robertson County, Texas, was duly elected
and qualified for such office. About two months
ago, said Justice obtained employment in the City
of Dallas, Texas, which, apparently, is permanent.
He has not transacted any business nor performed
any duty of his office since his removal to Dallas.
The Justice is a widower, has his homestead within
said precinct. He has one child, who is in A. &
M. College and will graduate in June. It appears
that the financial condition of the Justice has been
growing worse from time to time and was practically
on the rocks at the time he moved. His son, I
understand, will have a job on his graduation and
will not make the homestead his home. The Justice
has not mailed in his resignation. There has been
several deaths and births in his district since
his departure and for the most part these have been
attended to by the nearest Justice to said precinct.
From what information that I can obtain, it appears
that Mr. Peters has a permanent job and does not in-
tend to return, yet fail to resign. However, no
one has received word direct from Mr. Peters to the
effect that he will not return. The citizenship in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Thos. R. Chandler, Page 2

that precinct are demanding that someone be appointed to such position as such absence has caused them undue embarrassment."

Article 2377 of the Revised Civil Statutes provides:

"Whenever there is a vacancy or the justice in any precinct shall be absent, or unable or unwilling to perform the duties of his office, the nearest justice in the county may temporarily perform the duties of the office."

The above statute is carefully analyzed by Justice Fly of the San Antonio Court of Civil Appeals in the case of Crawford vs. Saunders, et al, 29 SW 102. The court here held that the absence of the Justice of the Peace from his precinct did not, within itself, create a vacancy so as to permit the appointment of a Justice of the Peace. The language of the court is:

"We are of the opinion that the commissioners' court is clothed with authority to appoint a justice of the peace only where a vacancy exists in the office. It is clear, from the language of Article 1537 (now Article 2377), that a distinction is drawn between a vacancy and an absence, an inability or an unwillingness to perform the duties of the office. This is clear and palpable from a reading of the statute....the vacancy could be filled by the court. The absence, inability, or unwillingness do not constitute or produce a vacancy under our statutes.... The commissioners' court of Frio County had no authority to appoint a justice of the peace in precinct No. 4, because only empowered in case of a vacancy, and the absence of the incumbent did not constitute a vacancy..... The record shows that no vacancy existed in precinct No. 4, and that the justice was simply absent,--for how long, not appearing. There was no vacancy to be filled by the commissioners' court, and it would seem that it is evident that two different persons cannot at the same time be in actual occupation and exercise of an office for which one incumbent only is provided by law....

Honorable Thos. R. Chandler, Page 3

> There is no statute in Texas declaring that the
> office of justice of the peace shall become
> vacant by reason of the absence of the incumbent,
> and we are of the opinion no vacancy existed in
> the office,...."

Section 14, Article 16 of the Constitution of Texas
is:

> "All civil officers shall reside within the
> State; and all district or county officers within
> their districts or counties, and shall keep their
> offices at such places as may be required by law;
> and failure to comply with this condition shall
> vacate the office so held."

The above section requires district and county offi-
cers to reside within their districts or counties. An office
is vacated by non-compliance with this requirement, and when
such vacancy exists in any office named in Article 2355, it is
the duty of the commissioners' court to fill it. Justices of
the Peace are included in Article 2355. Ehlinger vs. Rankin,
29 SW 240.

The facts in the Ehlinger case were these: Rankin
was the duly elected county clerk of Fayette County and tem-
porarily moved his residence to Austin, Travis County, Texas.
The commissioners' court of Fayette County declared the office
vacant and appointed Ehlinger to the office. Rankin there-
after brought this suit to restrain Ehlinger from interferring
with him in the performance of the duties of the office. Judg-
ment was rendered for plaintiff and reversed by the court of
civil appeals. We deem it imperative to here quote from the
decision at length because we think it determinative of the
question before us. The court said:

> "There was no error in the ruling of the court
> in so far as it held that injunction was a proper
> remedy in cases of this character, and the principal
> question that we deal with is the action of the court
> in sustaining the demurrer to appellant's answer,
> setting up title to the office by virtue of the
> appointment by the commissioners' court. The appellee
> contends that the judgment of the trial court in sus-
> taining the demurrer to the answer in this respect

Honorable Thos. R. Chandler, Page 4

can be sustained by virtue of section 24, art. 5, of the present constitution; and that the commissioners' court had no authority to declare the office of county clerk vacant, and to appoint appellant Ehlinger, because the question is one judicial in character, and the commissioners court is not by law vested with any authority or jurisdiction to pass upon such questions, but the exclusive jurisdiction is conferred upon the district court by virtue of the section of the constitution just mentioned. This section provides that the district courts, or the judges thereof, may remove certain officers for official misconduct, habitual drunkenness, and for other cases, etc. The power of the district court under this provision of the constitution undoubtedly exists to remove certain officers from their offices, and in their decree to declare that the vacancy exists. But the main question is: Is the power herein conferred exclusive, and if, as a fact, a vacancy does exist, does it require a judgment of the district court declaring this fact, before the commissioners' court would be authorized to fill the vacancy by the appointment of some suitable person? The law requires that, if a vacancy exists in the office of county clerk, the commissioners' court shall appoint some suitable person to fill it, and about the power of the court in this respect there is no question. Section 14, art. 16, of the present constitution reads as follows: "'All civil officers shall reside within the state; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held.' This provision of the constitution, in so far as it relates to the place of residence of the several state, district, and county officers, is self-enacting, and requires no legislative action to put it into force and effect. The provision of the constitution is express in declaring that county officers shall reside within their counties. This provision evidently means that the county mentioned is the county in which the officer was elected. Then follows the declaration, in effect, that the failure to

Honorable Thos. R. Chandler, Page 5

so reside in said county shall vacate the office. The constitution is express upon this point. The constitution is express upon this point. It declares, in effect, that the failure to comply with its terms with reference to residence will bring about a vacancy in the office. If an officer removes from the county, and establishes a residence elsewhere, this is a fact that, by reason of the provision of the constitution quoted, vacates the office to which he was elected and to which he has qualified. If the removal exists, and is is permanent in character, the constitution declares that a vacancy occurs. If, as a fact, a vacancy has occurred, from whatever cause it may arise, the commissioners' court of the county have the exclusive power to fill it by the appointment of some suitable person until the next general election. The fact that gives the commissioners' court the jurisdiction to exercise this appointing power is that a vacancy exists, and if this is true, as a matter of fact, it becomes their duty to exercise this jurisdiction in furtherance of the public interest. The commissioners' court have not the authority to judicially determine a right of one to an office, or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the district court; but if, as a fact, a vacancy does exist, then it becomes the duty of the commissioners' court to fill it.

"The answer in this case that sets up the judgment of the commissioners' court declaring that the appellee had vacated his office presents no valid or legal defense, as that court had no jurisdiction to adjudicate this question, except in so far as it may have been necessary to go into this fact in order for the court to satisfy itself that a circumstance had arisen that authorized or required it to appoint an officer to an office they were required to fill, if a vacancy in fact existed. But the answer in averring the fact that the appellee had removed from the county of Fayette, and had thereby vacated his office, and that the court, upon that fact, had legally appointed the appellant Ehlinger, and that he had duly qualified as such appointee, presented an issue of fact, if true, which would have authorized the court to appoint him to

743

the office, and which would authorize him to retain and hold it against the claims of appellee. The action of the commissioners' court in appointing the appellant is to be determined by the then existing facts; and if they show that the appellee had permanently removed from the county, then a vacancy resulted, and the court had authority to fill it by the appointment of Ehlinger. The answer in this respect presented an issue of fact, and the question to be determined from these averments is, had the appellee removed from the county? If this was true, a vacancy in the office resulted by virtue of the section of the constitution discussed, and it became the duty of the commissioners' court to fill the vacancy. The question of vacancy, in the main, is one of fact, as arises under the provision of the constitution; and, if this exists as a fact, appellee, Rankin, shows no right to the office." (Underscoring ours)

It is apparent from a careful consideration of the above case that the commissioners' court is vested with exclusive jurisdiction to declare a vacancy in the office here involved, if a vacancy does in fact exist. This department is accordingly without authority to pass upon the fact situation before us and respectfully suggests that your commissioners' court investigate the present absence of the justice of the peace with the end in view of determining whether such absence, in the light of all the attending facts and circumstances, is of such permanency as to constitute a vacancy in fact. Having done so, the court, in the exercise of its discretion, will then be authorized to pass such order as it deems necessary and advisable in the premises.

Very truly yours

APPROVED MAY 31, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW

